IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOLEIDY PEREZ,

    *Plaintiff*,

v.

CASE NO.:

2:17-CV-318-FtM-99CM

THE LAUNDRY LADY, INC.
D/B/A LA FRANCE DRY CLEANING
AND ALTERATIONS
A Florida Profit Corporation,
and SCOTT A. GOULD,
Individually,

    *Defendants*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SOLEIDY PEREZ ("PEREZ" or "Plaintiff"), by and through her undersigned attorney, sues the Defendants, THE LAUNDRY LADY, INC., a Florida for profit corporation ("LAUNDRY LADY"), and SCOTT A. GOULD, Individually ("GOULD") (collectively "Defendants"), and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against the Defendants, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. The Defendant LAUNDRY LADY is subject to the personal jurisdiction of the United States District Court, because it engages in substantial and not isolated activity within this judicial district.

4. The Defendant LAUNDRY LADY is also subject to the personal jurisdiction of the United States District Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

5. Defendant GOULD is subject to the personal jurisdiction of the United States District Court. Defendant GOULD was, at all times material, an owner of Defendant LAUNDRY LADY. As alleged herein, GOULD was an "employer" under the FLSA and is legally responsible for the FLSA violation. Defendant GOULD, as owner, engaged in substantial activity and business within the Middle District of Florida.

## FLSA COVERAGE

6. At all times material, Defendant LAUNDRY LADY employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

7. At all times material, Defendant LAUNDRY LADY had gross sales volume of at least $500,000 annually.

8. At all times material hereto Defendant LAUNDRY LADY was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Defendant LAUNDRY LADY is an employer covered by the FLSA.

## VENUE

10. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

a. The unlawful pay practices alleged herein occurred in Fort Myers, Florida, in the Middle District of Florida.

b. At all times material hereto, Defendant LAUNDRY LADY continues to be a Florida for profit corporation doing business within this judicial district.

c. Defendant LAUNDRY LADY employed Plaintiff in the Middle District of Florida.

## PARTIES

11. At all times material hereto, Plaintiff was and continues to be a resident of Lee County, Florida, in the Middle District of Florida.

12. Defendant LAUNDRY LADY was, and continues to be, a Florida company engaged in the transaction of business in Lee County, Florida, with its principal place of business located in Charlotte County, Florida.

13. Defendant GOULD is upon information and belief a resident of Lee County, Florida. Defendant GOULD, at all times material, was an owner of Defendant LAUNDRY LADY and an "employer" within the meaning of the FLSA.

14. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

15. At all times material hereto, Defendant GOULD was and continues to be a corporate officer of the company, specifically President of LAUNDRY LADY.

16. As President, individual Defendant GOULD held and exercised significant control over the company's operations and its finances. Defendant GOULD regularly held and exercised authority to hire and fire employees of LAUNDRY LADY. Defendant GOULD held and regularly exercised the authority to determine and set work schedules for employees of LAUNDRY LADY. Defendant GOULD held and regularly exercised the authority to set rates of pay and compensation for employees of LAUNDRY LADY. Defendant GOULD,

3

as President, held and assumed responsibility for the company's compliance with employment laws, including the FLSA.

17. By virtue of having held and/or exercised the authority set forth above, individual Defendant GOULD is an employer as defined by 29 U.S.C. § *et. seq.* and he is personally liable for any resulting final judgment.

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

18. Plaintiff realleges Paragraphs 1 through 17 as if fully stated herein.

19. At all times material hereto, Defendant LAUNDRY LADY is a dry cleaning company with approximately sixteen (16) retail locations throughout Southwest Florida.

20. Defendants hired Plaintiff in or about May 2013.

21. Plaintiff's employment ceased on or about May 21, 2017.

22. While employed by the Defendants, Plaintiff was the sole employee at Defendant's Colonial Boulevard, Fort Myers, Florida location. As such, Plaintiff was required to be present and work at all times the location was open. Plaintiff worked and kept the location open six (6) days per week.

23. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

24. Additionally, Defendants intentionally and willfully paid a portion of Plaintiff's compensation in a payroll check, and an additional amount in cash each week to seemingly avoid the overtime obligations under the FLSA and additional payroll tax expenses.

4

25. Plaintiff was entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

29. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

30. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

    a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in amounts according to proof;

    c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 9, 2017

Respectfully submitted,

By: /s/ Jason L. Gunter, Esq.
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
**Phone:** (239) 334-7017
**Fax:** (239) 236-8008
**Email:** Jason@Gunterfirm.com
**Email:** Conor@Gunterfirm.com
*Counsel for Plaintiff, Soleidy Perez*